# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Kallys Albert, Sr.,

        Plaintiff,

v.

GEICO, GEICO General Insurance
Company, and John Doe,

        Defendants.

Civ. No. 17-1697 (DWF/BRT)

**REPORT AND
RECOMMENDATION**

Kallys Albert, Sr., *pro se* Plaintiff.

Michael C. Lindberg, Esq., and Peter M. Lindberg, Esq., Cousineau, VanBergen, McNee
& Malone, P.A., counsel for Defendant GEICO General Insurance Company.

BECKY R. THORSON, United States Magistrate Judge.

        This matter is before the Court on Defendant GEICO General Insurance

Company's ("GEICO's") motion to dismiss the Complaint pursuant to Federal Rule of

Civil Procedure 12(b)(1) and (6); GEICO argues the Complaint does not provide a basis

for federal jurisdiction and does not state a claim for relief. (Doc. No. 5.) Also before the

Court is Plaintiff's "Motions for a Declaratory Judgment; Temporary Restraining Order,

and a Preliminary Injunction." (Doc. No. 16.) Both motions were fully briefed and a

hearing was held on the matters on September 13, 2017. (Doc. No. 36.) For the reasons

stated below, this Court recommends that Defendant's motion to dismiss be granted for

lack of jurisdiction and Plaintiff's motions be denied.

## BACKGROUND

In May 2017, Plaintiff Kallys Albert, Sr. filed a Complaint against GEICO. (Doc. No. 1., Compl.) The dispute stems from a GEICO automobile insurance policy issued to Plaintiff in 2016. (*Id.* at ¶¶ 7–8.) The best the Court can tell, Plaintiff had at least six vehicles and four listed drivers on the policy at various times throughout the policy period. (*See generally* Compl.) Plaintiff appears to claim that GEICO did not add or remove vehicles to his policy when asked to do so, impermissibly added vehicles to his policy without consent, and miscalculated his premiums as a result. (*Id.*) Plaintiff alleges he has been overcharged, that GEICO has failed to return or credit him with "unearned premiums," and that GEICO has failed to pay certain claims that he submitted. (*Id.*) Plaintiff asserts the following eight causes of action in his Complaint: (1) Breach of Contract; (2) Negligent Misrepresentation; (3) Declaratory Judgment; (4) Specific Performance; (5) Unjust Enrichment; (6) Violation of the Fair Credit Billing Act; (7) Bad Faith; and (8) Loss of Consortium/Contractual Interference with Third Party Relationship. (*Id.*)

In his "Prayer for Relief," Plaintiff requests the following:

A. A Declaration and/or Judgment by this Court that the subject policy provides full and complete automobile insurance coverage for the damages and subsequent claims hitherto made by Plaintiff against the insurer.

B. A Declaration and/or Judgment that GEICO violated the Fair Credit Billing Act; any Code of Federal Regulations interpreting same, and federal common law in insurance claims and adjusting, claims handling and payment, refunds and/or credit of over-payments, and unearned premiums, imposition of unconsented vehicle into the insurance policy, and threat to cancel insurance policy for Plaintiff's exercise of his right

to object to, and dispute arbitrary billings by GEICO under the
automobile policy of insurance and specifically declare that Plaintiff did
not consent to, add, or agree to insure the Pt Cruiser for $441.80.

C.  Federal common law bad faith damages against GEICO General
Insurance Company including attorney's fees, court costs and any other
damages incurred by plaintiff as a result of the bad faith of GEICO;

D.  Court costs, expenses, and judicial interest; and

E.  A temporary injunctive relief, enjoining GEICO General Insurance
Company from threatening, carrying out the threat and/or cancelling
Plaintiff's automobile insurance policy pending and until the resolution
of this case[;]

F.  Any and all other equitable relief deemed appropriate by this Court.

(Compl. at 11–12.) Plaintiff also requests that

this Court after due proceedings be had that there be a judgment entered in
his favor and against defendant, GEICO, General Insurance Company and
John Doe awarding the maximum limit per vehicle per the Policy
Declarations attached and annexed herein by incorporation . . . , damages,
prejudgment interest, post judgment interest, attorney's fees and costs,
punitive and/or exemplary damages as may be allowed by law and for
further relief as equity and justice require.

(*Id.* at 12.) Nowhere in Plaintiff's Complaint does he allege a specific monetary amount

for his request for damages.

## DISCUSSION

Defendant GEICO has filed a motion to dismiss the Complaint pursuant to Federal

Rule of Civil Procedure 12(b)(1) and (6), arguing that the Complaint does not provide a

basis for federal jurisdiction and does not state a claim for relief. A motion to dismiss for

lack of subject-matter jurisdiction is governed by Federal Rule of Civil Procedure

12(b)(1). A Rule 12(b)(1) motion to dismiss can either (1) attack the complaint's claim of

jurisdiction on its face or (2) attack the factual basis for jurisdiction. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). A facial challenge to subject-matter jurisdiction argues that factual allegations made in a complaint—even if truthful—are insufficient to establish jurisdiction. *Carlson Holdings, Inc. v. NAFCO Ins. Co.*, 205 F. Supp. 2d 1069, 1073 (D. Minn. 2001). When analyzing a facial challenge to jurisdiction, the Court considers the pleadings alone. *Id.* By contrast, where a defendant mounts a "factual attack" on the plaintiff's complaint, the court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards in the sense that the court may not presume the factual allegations in the plaintiff's complaint are true. *Osborn v. United States*, 918 F.2d 724, 730, n.6 (8th Cir. 1990). Plaintiff bears the burden of proving that jurisdiction exists. *Id.* "[W]henever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991) ("[S]ubject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case.").

After review of Plaintiff's Complaint, this Court recommends that the Complaint be dismissed for lack of jurisdiction. Specifically, this Court concludes that neither the Fair Credit Billing Act—nor anything else alleged—provides a basis for federal question jurisdiction, nor has Plaintiff established diversity jurisdiction by demonstrating an amount in controversy greater than $75,000.

## I.    Federal Question Jurisdiction

Federal question jurisdiction under 28 U.S.C. § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (internal quotations omitted). Here, Plaintiff's Complaint does not present a valid, properly pleaded federal question.

In the section of his Complaint that addresses the basis for jurisdiction, Plaintiff states, "28 U.S.C. § 1331; Violation of Fair Credit Billing Act (FCBA), 15 USC § 1601; Breach or violation of required contract terms; et cetera." (Compl. ¶ 4.) Breach of contract is not inherently a federal question; to be heard in federal court, a breach of contract claim must either be brought where the court has diversity jurisdiction or the breach of contract also equates to a violation of a federal statute. *See Rickmyer v. Browne*, 995 F. Supp. 2d 989, 998 (D. Minn. 2014) ("A claim for breach of contract should be heard in state court unless it has its own basis for jurisdiction.") (quotations omitted); *see also Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (same). Neither of those situations are present here. And Plaintiff's claim for violation of the FCBA cannot sustain federal jurisdiction in this case either because the FCBA applies to providers of consumer credit. 15 U.S.C. § 1601 ("It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card

practices."). It is undisputed that GEICO is in the business of providing automobile

insurance, is not a creditor, and has not extended credit to Plaintiff. (*See* Compl. ¶ 7

(stating that Plaintiff is the "named policy holder under the referenced insurance policy"

and referencing the "policy contractual agreement between the Plaintiff and GEICO").)

Further, none of the other claims asserted in Plaintiff's Complaint serve as an

independent source of federal jurisdiction. Therefore, the Court does not have jurisdiction

on the basis of a federal question under 28 U.S.C. § 1331.

## II.    Diversity Jurisdiction

"The district courts of the United States . . . are courts of limited jurisdiction. They

possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v.*

*Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Congress

has granted "district courts original jurisdiction in civil actions between citizens of

different States, between U.S. citizens and foreign citizens, or by foreign states against

U.S. citizens." *Id.* (citing 28 U.S.C. § 1332). However, "[t]o ensure that diversity

jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that

the matter in controversy in a diversity case exceed a specified amount, currently

$75,000." *Id.*

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to

confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty

that the claim is really for less than the jurisdictional amount." *Kopp v. Kopp*, 280 F.3d

883, 884 (8th Cir. 2002) (alteration and internal quotations omitted). If the amount in

controversy alleged by the party asserting diversity jurisdiction is challenged, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (internal quotations omitted). Thus, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp*, 280 F.3d at 885.

Here, GEICO challenged the amount in controversy asserting that there is no way that Plaintiff can show that it is more likely than not that the amount exceeds $75,000. After GEICO challenged the amount in controversy supporting diversity jurisdiction, the burden fell to Plaintiff to prove by a preponderance of the evidence that the amount was greater than $75,000. *See James Neff Kramper Family Farm P'ship*, 393 F.3d at 831. In his Reply to GEICO's motion to dismiss, Plaintiff for the first time asserts that he is entitled to $5.4 million in damages. It appears that to reach this amount, Plaintiff added the policy limits for the coverages he previously carried, including third-party liability coverages as well as first-party uninsured/underinsured motorist (UM/UIM) coverage, and rental reimbursement coverages. He claims that he is entitled to receive the per-occurrence limit available under each of those coverages for each of the automobiles he previously insured with GEICO. This estimation of damages, however, is completely unrealistic since Plaintiff has not alleged any accidents or losses that would entitle him to such policy limits. "[E]stimations of the amounts recoverable must be realistic." *Samuel-*

7

*Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004). "The inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Id.* (internal quotations omitted).

It appears that the crux of Plaintiff's Complaint is his breach of contract claim. The measure of damages in a breach of contract action is to place the plaintiff in the same position as if the contract had been performed. *Lesmeister v. Dilly*, 330 N.W.2d 95, 102 (Minn. 1983). Here, even if viewing all facts in the light most favorable to Plaintiff, and adding up the possible maximum amounts that Plaintiff could recover on his claims for allegedly being overcharged,[1] for the failure to return or credit him with "unearned premiums," and for the failure to pay him on the certain claims that he submitted,[2] Plaintiff would still not reach the $75,000 threshold. GEICO set forth this calculation in its Reply:

> According to the Kelley Blue Book, the full fair market value of a 2004 Honda Odyssey is about $5,243 (assuming top-of-the-line trim, mileage less than 100,000, excellent conduction, private party sale), while the fair market value of a 2008 Mazda CX-9 is approximately $12,247 (assuming top-of-the-line trim, mileage less than 100,000, excellent condition, private party sale), which should give some idea as to the value of the purported

---

[1]    In his Complaint, Plaintiff only identifies overpayments for $125.80 and $135.69. (Compl. ¶¶ 8, 12.) Plaintiff also asserts that GEICO wrongfully added a 2007 PT Cruiser to his policy and attempted to bill him for a $441.80 premium. (*Id.* ¶ 21, 37.) He also appears to claim that GEICO wrongfully charged him for coverage on his 2003 Jaguar S-Type, but does not quantify the amount of any overpayment (*Id.* ¶ 13.)

[2]    Plaintiff claims that GEICO owes unpaid comprehensive collision damages claims on a 2004 Honda Odyssey and a 2008 Mazda CX-9.

claims on these two vehicles. The claimed lockout expense on the Nissan Quest has not been itemized, and the invoice submitted does not list the amount charged anywhere.

Similarly, the Plaintiff has not pled any amount of financial loss or unjust enrichment associated with GEICO's alleged tortious conduct with regard to its premium structure or various representations about coverage. If GEICO refunded every single penny of the Plaintiff's premiums over the last seven years at the highest possible rate, ($2,908 per six-month period) the amount in controversy would be $46,528.[]

(Doc. No. 28, Defs.' Reply Mem. of Law in Supp. of Mot. to Dismiss 5.)

Plaintiff does not challenge GEICO's valuations, nor did he at the hearing. His only response to GEICO's amount-in-controversy challenge is his claim that he should be able to receive the maximum combined policy limits as a result of his lawsuit, and that the Court should allow discovery so that he can prove his damages. This Court disagrees with Plaintiff and agrees with GEICO that discovery would not reveal more than what we know now about the amount of potential damages that Plaintiff could recover based on the claims that he has asserted in his Complaint. "Speculation and belief that plaintiff's damages exceed $75,000 are insufficient to meet the . . . burden of proof under both the 'preponderance of evidence standard' and the 'legal certainty' standard" for diversity jurisdiction." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004) (finding no jurisdiction, where party offered "nothing to this Court other than its unsupported allegation that . . . the Court should presumably assume that the amount in controversy exceeds the jurisdictional minimum" and concluding that "[h]aving the Court presume that this case involves potential damages exceeding $75,000 without offering one shred of evidence regarding potential damages would be nothing more than

speculation on the part of defendant (and the Court)"). Plaintiff simply has not proven by a preponderance of the evidence that he has incurred over $75,000 in damages attributable to actions by GEICO listed in the Complaint. *See Martin v. State Farm Fire & Cas. Co.*, 826 F. Supp. 2d 1133, 1137–38 (D. Minn. 2011) (finding no diversity jurisdiction even where party submitted affidavits as proof of amount in controversy after it was challenged, concluding that "they have proffered only two items in an attempt to satisfy their burden, neither of which is availing" because the affidavits contradicted other evidence and did "not disclose any dollar amount for their claimed losses"). Therefore, this Court recommends that Plaintiff's action be dismissed for lack of subject-matter jurisdiction.[3]

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Defendant GEICO General Insurance Company's motion to dismiss (Doc. No. 5) be **GRANTED**;

2.    Plaintiff's Motions for a Declaratory Judgment; Temporary Restraining Order, and a Preliminary Injunction (Doc. No. 16), be **DENIED**; and

---

[3]    Because this Court concludes that the Court lacks jurisdiction, it does not address the remaining arguments raised by GEICO pursuant to Rule 12(b)(6). Further, the Court makes no comment as to whether the claims raised in Plaintiff's Complaint would survive a motion to dismiss in a court of proper jurisdiction.

     3.      This matter be **DISMISSED** due to lack of jurisdiction pursuant to 28

U.S.C. §§ 1331 and 1332, and Plaintiff's Complaint (Doc. No. 1) be **DISMISSED**

without prejudice.


Date:  October 10, 2017

                *s/ Becky R. Thorson*
                BECKY R. THORSON
                United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by **October 24, 2017**. A party may respond to those objections within **fourteen days** after service thereof. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in D. Minn. LR 72.2(c).

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.